## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

CADENCE BANK, N.A., as successor-in-interest
by merger to Superior Bank, N.A., as successor-in-
interest to Superior Bank, FSB, by asset acquisition
from the FDIC as receiver for Superior Bank, FSB,

     Plaintiff,

vs.                                                                    CASE NO. 5:13-cv-00094

CELTAE, LLC, a Florida limited liability company, OLIVER
H. DUCIMETIERE-MONOD, individually, 101 EAST GULF BEACH
DR., LLC, an inactive Florida limited liability company, ANCHOR REALTY
AND MORTGAGE COMPANY OF ST. GEORGE ISLAND, INC., a
Florida corporation, PEREMANS, INC., a dissolved Florida corporation,
ANCHOR VACATION PROPERTIES REAL ESTATE REFERRALS f/k/a
ANCHOR VACATION PROPERTIES, INC., a Florida corporation, and
101 FRANKLIN BOULEVARD, LLC, a Florida limited liability company,
STATES RESOURCES CORP., as assignee from Wachovia Bank, N.A., an Iowa
corporation, DURDEN ENTERPRISES, LLC, a dissolved Florida limited liability
company, COASTLINE PUBLICATIONS, INC., a dissolved Florida corporation,

_____/

### CADENCE BANK, N.A.'S MOTION FOR APPOINTMENT OF RECEIVER TO
### MAINTAIN AND SAFEGUARD ASSETS OF THE BEACH STORE PROPERTY AND THE INN

Pursuant to Federal Rule of Civil Procedure 66, Cadence Bank, N.A., as successor-in-interest by merger to Superior Bank, N.A., as successor-in-interest to Superior Bank, FSB, by asset acquisition from the FDIC as receiver for Superior Bank, FSB (the "Bank"), files this motion (this "Motion"), which requests the order of this Court appointing a receiver to maintain and safeguard the St. George Island Trading Post (the "Beach Store Property"), and SGI Trading Post (the "Grocery Store Property"), both owned by 101 Franklin Boulevard, LLC ("101 Franklin"), and the St. George Inn, owned by Celtae, LLC ("Celtae"), and referred to herein as the "Inn," all of which are together referred to herein as the "Safeguarded Properties," more fully described in the Exhibit attached hereto as Exhibit "A."

### A.  BACKGROUND ALLEGATIONS

1.      The Bank, and Celtae, 101 Franklin, Oliver H. Ducimetiere-Monod ("Monod"), 101 East Gulf Beach Dr., LLC, an inactive Florida limited liability company ("101 East Gulf"), Anchor Realty and Mortgage Company of St. George Island, Inc., a Florida corporation ("Anchor Realty"), Peremans, Inc., a

dissolved Florida corporation ("Peremans"), and Anchor Vacation Properties Real Estate Referrals f/k/a Anchor Vacation Properties, Inc. a Florida corporation ("Anchor Vacation"), together referred to herein as the "Obligors," are parties to a lending relationship evidenced by a series of loan, security, and perfection documents (collectively, the "Loan Documents"), relating to seven (7) obligations due by the Obligors to the Bank (the "Obligations"). The Obligations are currently in a state of default following demand, such that they are currently due and owing.

2.      For purposes of this motion, the Obligations are referred to respectively herein as the "First Celtae Obligation," loan number 60582375, the "Second Celtae Obligation," loan number 60582383, the "Anchor Realty Obligation," loan number 60350741, the "First Monod Obligation," loan number 60583118, and the "Second Monod Obligation," loan number 60629789, the "First 101 Franklin Obligation," loan number 60725079, and the "Second 101 Franklin Obligation," loan number 60630833. The Obligations are evidenced by a series of loan, security, perfection, and guaranty documents (collectively, the "Loan Documents"). For purposes of this Motion, the Loan Documents are respectively referred to herein as the "First Celtae Loan Documents," the "Second Celtae Loan Documents," the "Anchor Realty Loan Documents," the "First Monod Loan Documents," the "Second Monod Loan Documents," the "First 101 Franklin Loan Documents," and the "Second 101 Franklin Loan Documents." Copies of each of the Loan Documents are attached as Exhibits to the Complaint, and incorporated herein by reference.

3.      The First Celtae Obligation, Second Celtae Obligation, Anchor Realty Obligation, First Monod Obligation and Second Monod Obligation (together, the "Cross-Collateralized Obligations") are cross-collateralized and cross-defaulted pursuant to the "Cross-Collateralization, Cross-Default and Cross-Guaranty Agreement" (the "Cross-Collateralization Agreement") executed and delivered by the Obligors to the Bank on February 28, 2007 and attached to the Complaint as Exhibit "A."

4.      Pursuant to the Cross-Collateralization Agreement, Anchor Vacation, Peremans, Monod, 101 East Gulf, Anchor Realty, and Celtae all collectively guarantee the Cross-Collateralized Obligations and are referred to herein as the "Cross-Guarantors" or "Cross-Obligors."

2

5.      101 Franklin owes the First and Second 101 Franklin Obligations, each of which is guaranteed by Monod.

6.      The Bank is the owner and holder of the Loan Documents, as successor-in-interest by merger to Superior Bank, N.A., as successor-in-interest to Superior Bank, N.A., by asset acquisition from the FDIC as receiver for Superior Bank, N.A. to the extent necessary to bring this action. A copy of the "Affidavit of Merger" is attached to the Complaint as Exhibit "B," and a copy of the "Assignment of Security Interests and Other Loan Documents" is attached to the Complaint as Exhibit "C."

## B.   ALLEGATIONS RELATING TO THE INN

7.      The Cross-Collateralized Obligations are secured inter alia by the Inn, owned by Celtae and operating as a water-front hotel in St. George Island, Florida.

8.      The Loan Documents include the following:

   a.      "Real Estate Mortgage," executed and delivered by Celtae on or as of May 28, 2004, granting the Bank a security interest and lien in 135 Franklin Boulevard, St. George Island, Florida (the "135 Franklin Property"), recorded as Instrument Number 0200407815 in the Official Records of Franklin County, Florida, along with the "Assignment of Leases and Rents," recorded as Instrument Number 0200407816 in the Official Records of Franklin County, Florida, the "Modification of Mortgage," dated June 23, 2006, and recorded as Instrument Number 0200604131 in the Official Records of Franklin County, Florida, and the "Modification of Mortgage," dated August 28, 2006, and recorded as Instrument Number 0200606993 in the Official Records of Franklin County, Florida, all securing the Original Celtae Loan, copies of which are attached to the Complaint as Composite Exhibit "R";

9.      The Cross-Collateralized Obligations are in default for failure to pay the installment payments due and owing on the Cross-Collateralized Obligations and the same were demanded, a copy of which is attached to the Complaint as Exhibit "1-H."

10.     As of February 15, 2013, the Cross-Collateralized Obligations were in the aggregate amount of $5,672,773.09, as more fully described in the Complaint.

## C.   ALLEGATIONS RELATING TO THE BEACH STORE AND GROCERY STORE

11.     The First 101 Franklin Obligation and the Second 101 Franklin Obligation are secured inter alia by the Beach Store Property and Grocery Store Property.

12.     As of February 15, 2013, the First 101 Franklin Obligation and Second 101 Franklin

Obligation were in the aggregate amount of $4,379,087.43, as more fully described in the Complaint.

13.     Included among the Loan Documents are the following:

a.      "Mortgage and Security Agreement and Assignment of Rents and Proceeds,"
        executed and delivered by 101 Franklin and Monod to the Bank on or as of
        December 18, 2009, and recorded as Instrument Number 200919007135 in the
        Official Records of Franklin County, Florida, and Instrument Number
        201023001379 in the Official Records of Gulf County, Florida, evidencing the
        Obligors' granting of a security interest and lien in real properties and
        improvements located in Gulf and Franklin Counties, Florida including the
        Grocery Store Property, to secure the 101 Franklin First Obligation, a copy of
        which is attached to the Complaint as Exhibit "6-C";

b.      "Assignment of Rents, Leases and Proceeds," executed and delivered by 101
        Franklin and Monod to the Bank on or as of December 18, 2009, and recorded as
        Instrument Number 100919007136 of the Official Records of Franklin County,
        Florida, and Instrument Number 201023001380 of the Official Records of Gulf
        County, Florida, evidencing the Obligors' assignment of all rents and leases
        associated with the Grocery Store Property, a copy of which is attached to the
        Complaint as Exhibit "6-D";

c.       "Mortgage and Security Agreement, and Assignment of Rents and Proceeds,"
        executed and delivered by 101 Franklin to the Bank on or as of January 15, 2008,
        and recorded as Instrument Number 200819000290 in the Official Records of
        Franklin County, Florida, representing 101 Franklin's granting of a security
        interest and lien in real property and improvements including the Beach Store
        Property, to secure the Second 101 Franklin Obligation, a copy of which is
        attached to the Complaint as Exhibit "7-C";

d.      "Collateral Assignment of Contract," executed and delivered by 101 Franklin to
        the Bank on or as of January 11, 2008, representing the assignment of the
        Borrower's interest in the contract between 101 Franklin and St. George Island
        Trading Company, a copy of which is attached to the Complaint as Exhibit "7-
        D";

14.     The 101 Franklin Obligors have defaulted pursuant to all of the Second 101 Franklin

Loan Documents by failing to make installment payments due and owing under the Second 101 Franklin

Loan Documents.   As a result of the foregoing defaults, the Bank deems itself insecure, and has

demanded payment of the same.  A copy of the demand letter (the "101 Franklin Demand") is attached to

the Complaint as Exhibit "6-J."

### D.  ALLEGATIONS RELATING TO RELIEF REQUESTED

15.     The Loan Documents provide an uncontroverted right to appointment of a receiver over

the Safeguarded Properties securing the Obligations, located in the Northern District of Florida, upon

default by the Obligors.  For example, the "Mortgage and Security Agreement, and Assignment of Rents and Proceeds," signed by 101 Franklin on or as of January 15, 2008, and attached as Exhibit "7-C" of the Complaint, states:

> 2.8 **Receiver**.
>
> (a) The Mortgagee, upon application to a court of competent jurisdiction, shall be entitled without notice and without regard to the occupancy or value of any security for the indebtedness or the solvency of any party bound for its payment, to the appointment of a receiver to take possession of and to operate the Premises and to collect, apply and use the rents, issues, profits and revenues thereof, including those past due as well as those accruing thereafter, and said receiver shall have the benefit of all operating expenses and deposits prepaid by Mortgagor and being acknowledged by Mortgagor that if an Event of Default shall have occurred, that Mortgagee shall have the right to the Premises and that the Premises and the rents and profits therefrom in such event will be in danger of being lost, or materially injured or impaired.  The receiver shall have all of the rights and power permitted under the laws of the State of Florida.  Mortgagor will pay to the Mortgagee upon demand all expenses, including receiver's fees, reasonable attorney's fees and costs and agents' compensation, incurred pursuant to the provisions of this paragraph 2.8(a); and all such expenses shall be secured by this Mortgage.

16.     The Bank's research and current communications with the Obligors confirm that they have no ability to fully satisfy the Obligations in the ordinary course of business, such that in rem relief with respect to the Safeguarded Properties is appropriate.

17.     The Obligors have failed to account for or pay to the Bank any rents or operating income from the Safeguarded Properties, or make the monthly, regular payments of the Obligations.

18.     The Obligors continue to maintain possession of the Safeguarded Properties, have ignored their Obligations to the Bank, have failed to provide proof of insurance on the Collateral, and have caused the Bank to legitimately deem itself insecure as a legal, financial, and practical matter.

### MEMORANDUM OF LAW IN SUPPORT OF APPOINTMENT OF RECEIVER

19.     The appointment of a receiver in federal court is a matter of federal law.  Nat'l P'ship Inv. Corp. v. Nat'l Housing Dev. Cop., 153 F.3d 1289, 1291 (11th Cir. 1998).  The appointment of a receiver is an extraordinary remedy, available only when there is no remedy at law or the remedy is inadequate.  U.S. v. Bradley, 644 F.3d 1213, 13010 (11th Cir. 2011).

20.     A number of factors are used by federal courts to determine whether to appoint a receiver.  These factors include: (1) whether there has been fraud, (2) whether there is imminent danger that the property will be lost, (3) the inadequacy of legal remedies, (4) the probability that harm to the

plaintiff by denial of appointment will be greater than the injury to the defendant, (5) the likelihood of success on the merits, (6) whether the plaintiff's interest may be irreparably injured without an appointment, and (7) whether the interests of all will be well served by a receivership.  See Consolidated Rail Corp v. Fore River Ry. Co., 861 F.2d 322, 326-27 (1st Cir. 1988) (cited with approval by Nat'l P'Ship, 153 F.2d at 1291).

21.	The existence of an express contractual right to the appointment of a receiver, along with adequate prima facie evidence of default, can be sufficient to warrant the appointment of a receiver.  Garden Homes, Inc. v. United States, 207 F. 2d 459, 459-60 (1st Cir. 1953).  Courts have consistently read contractual clauses for appointment of a receiver to allow the same upon proper showing of default.  See, e.g., Garden Homes, 207 F.2d at 459 (prima facie evidence of default sufficient to appoint receiver in accordance with mortgage); Cadence Bank, N.A. v. Manausa Holdings, LLC, Case No. 4:12cv38-WS/WCS, 2012 U.S. Dist. LEXIS 52074, at *11 (N.D. Fla. Mar. 30, 2012) (granting motion to appoint receiver based upon contractual right coupled with default); Fed. Nat'l Mortg. Ass'n v. Maple Creek Gardens, LLC, No. 09-14703, 2010 U.S. Dist. LEXIS 5342, 2010 WL 374033, at *2-3 (E.D. Mich. Jan. 25, 2010) (slip op.) (holding that the defendant's agreement in mortgage to appointment of receiver upon defendant's default is alone sufficient to establish plaintiff is entitled to appointment); United States v. Am. Nat'l Bank & Trust Co. of Chicago, 573 F. Supp. 1317, 1318 (N.D. Ill. 1983); United States v. Mountain Vill. Co., 424 F. Supp. 822, 825 (D. Mass. 1976) (holding plaintiff entitled to appointment of receiver based upon mortgage clause).

22.	The Obligors have signed numerous documents confirming the Bank's right to appointment of receiver upon default on the Obligations.  The default status of the Obligations is clear and attested to by the Bank's officers in the Complaint.  Therefore, appointment of a receiver over the Safeguarded Properties is appropriate.  Further, there is imminent harm to the Bank in denial of the appointment of a receiver, as the value of the property is not sufficient to secure the Obligations, and the value of the property is at risk of further decline during the pendency of the action.  Finally, the pleadings and papers filed in this cause show that the Bank has a likelihood of success on the merits.

23.     The Bank seeks appointment of an individual whose qualifications will reflect extensive business experience in finance, operations, and crisis management, as well as prior service as a fiduciary for this court (the "Proposed Receiver").

24.     The Proposed Receiver should be broadly authorized to perform such other services as are reasonably required to accomplish the foregoing, including retention of lawyers and other professionals, as he sees fit, whose compensation shall be subject to review by this Court; file an initial report, monthly reports, an affidavit of disinterestedness, and a final report with the Court.

25.     With respect to all the foregoing, the Court proposes that the receiver serve with nominal bond, if any, and receive reasonable compensation commensurate with the circumstances of this case.

WHEREFORE, the Bank respectfully requests that this Court enter an order a receiver for the Safeguarded Properties pursuant to Federal Rule of Civil Procedure 66, and for other relief as is necessary and appropriate.

Dated this 6th day of May, 2013.

/s/ Allison C. Doucette
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number:  0731013
janthony@anthonyandpartners.com
**ALLISON C. DOUCETTE, ESQUIRE**
Florida Bar Number:  0085577
adoucette@anthonyandpartners.com
**STACY B. HYMAN, ESQUIRE**
Florida Bar Number:  0096002
shyman@anthonyandpartners.com
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida  33602
Telephone:  813/273-5616
Telecopier:  813/221-4113
Attorneys for Cadence Bank, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on May 6th, 2013, I electronically filed the foregoing with the Clerk of the Courts by using the ECF system which will send a notice of electronic filing to the following:
to:

Ronald A. Mowrey, Esquire
515 North Adams Street
Tallahassee, Florida 32301

/s/Allison C. Doucette
**ATTORNEY**