**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

CADENCE BANK, N.A., as successor-in-interest
by merger to Superior Bank, N.A., as successor-in-
interest to Superior Bank, FSB, by asset acquisition
from the FDIC as receiver for Superior Bank, FSB,

      Plaintiff,

vs.                                                        CASE NO. 4:13-cv-304-RS-CJK

CELTAE, LLC, a Florida limited liability company, OLIVER
H. DUCIMETIERE-MONOD, individually, 101 EAST GULF BEACH
DR., LLC, an inactive Florida limited liability company, ANCHOR REALTY
AND MORTGAGE COMPANY OF ST. GEORGE ISLAND, INC., a
Florida corporation, PEREMANS, INC., a dissolved Florida corporation,
ANCHOR VACATION PROPERTIES REAL ESTATE REFERRALS f/k/a
ANCHOR VACATION PROPERTIES, INC., a Florida corporation, and
101 FRANKLIN BOULEVARD, LLC, a Florida limited liability company,
STATES RESOURCES CORP., as assignee from Wachovia Bank, N.A., an Iowa
corporation, DURDEN ENTERPRISES, LLC, a dissolved Florida limited liability
company, COASTLINE PUBLICATIONS, INC., a dissolved Florida corporation,

      Defendants.
_____/

**CADENCE BANK, N.A.'S RESPONSE IN
OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE
CAUSE OF ACTION AND ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT**
**And Incorporated Memorandum of Law**

      Cadence Bank, N.A., as successor-in-interest by merger to Superior Bank, N.A., as successor-in-interest to Superior Bank, FB, by asset acquisition from the FDIC as receiver for Superior Bank, FSB (the "Bank"), by and through its undersigned counsel, hereby files this response in opposition to the "Motion to Dismiss for Failure to State a Cause of Action and Alternative Motion for More Definite Statement" (the "Motion to Dismiss") [Doc. 31], filed by Celtae, LLC, Oliver H. Ducimetiere-Monod, 101 East Gulf Beach Drive, LLC, Anchor Realty and Mortgage Company of St. George Island, Inc., and Anchor Vacation Properties Real Estate Referrals f/k/a Anchor Vacation Properties, Inc. and 101 Franklin Boulevard, LLC, together referred to herein as the "Defendants" and states as follows:

#### I.   BACKGROUND

1. This cause was initiated by the filing of a Verified Complaint (the "Complaint") against the Defendants and related obligors (together, the "Obligors") and others, seeking in rem and in personam relief.

2. The Complaint contains twenty (20) counts and seeks damages as a result of the Obligors' default on seven (7) obligations (together, the "Obligations") due and owing from the Obligors to the Bank. The Obligations are evidenced by a series of loan, security, perfection and guaranty documents (together, the "Loan Documents"). Five of the seven Obligations are cross-collateralized, as described in the Complaint, and the remaining two obligations have common obligors.

3. The Complaint details each obligation by loan number and describes and attaches each loan document in order to adequately and clearly describe the relevant documents on which the Bank is seeking relief.

4. The Defendants filed their Motion to Dismiss on June 26, 2013, chiefly alleging that the Bank has failed to adequately allege a cause of action due to its "unnecessarily lengthy" complaint and failure to identify the necessity of each document attached to the Complaint. Given the complicated and extended nature of the lending relationship between the Defendants and the Bank, the length of the Complaint is not only necessary, but required in order to adequately allege the Bank's causes of action.

#### II.   MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

*a. Motion to Dismiss*

A motion to dismiss pursuant to Rule 12(b) tests the sufficiency of a complaint.[1] In ruling on a motion to dismiss, the court must liberally construe the allegations of the complaint in the light most favorable to the plaintiff and accept all allegations as set forth in the complaint as true. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). "Courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plaint statement of the claim showing that the pleader is entitled to relief.'" U.S. v. Baxter Int'l., Inc., 345 F.3d 866, 880 (11th

---

[1] The Defendants moved under Florida Rules of Civil Procedure and cited only to Florida law in the Motion to Dismiss, however, the Bank will address the Defendants' allegations using the appropriate Federal Rules of Civil Procedure and relevant case law.

Cir. 2003).   At the motion to dismiss stage, courts have established an exceedingly low threshold in determining whether a complaint is sufficiently pled.  Id.  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662 (2009).

      The Bank has appropriately distilled the allegations under which it is entitled to relief and has alleged factual allegations that "raise a right to relief above the speculative level."  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-556 (2007).  If anything, the Bank has exceeded the threshold of Federal Rule of Civil Procedure 8 by providing detailed information on each obligation, each loan document, and each property at issue. The Defendants' broad allegations that the Bank has attached too many documents for them to adequately respond rings hollow and finds no support in federal law.

      The Defendants specifically complain of the allegations contained within Count XX of the Complaint, seeking replevin of personal property owned by 101 Franklin and/or Monod.  The Bank has adequately pled a cause of action for replevin in Count XX. Though the personal property at issue is not specifically listed in Count XX, the references to the Second 101 Franklin Loan Documents, specifically defined and attached, are adequate to put the Defendants on notice as to the Bank's claims and raises the Bank's right to relief above a speculative level.  The replevin statute, Florida Statutes § 78.055, only requires that the plaintiff allege the value of the relevant property to the best of its knowledge, information, and belief.  The Bank properly alleged the value of the property at issue in Count XX, and the allegations contained in the Complaint are sufficient to put the Defendants on notice and allow them to appropriately admit or deny the allegations.  See Louis v. Corizon Health, Inc., No. 4:12-cv-48-RH/CAS, 2012 WL 3230415 (N.D. Fla. June 27, 2012), at *1 ("The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.") (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

As the Bank has adequately stated a cause of action as to all counts of the Complaint under the relevant pleading standard, the Motion to Dismiss should be denied and the Court should order the Defendants to respond to the Complaint within fourteen (14) days.

   b. *Motion for More Definite Statement*

In the alternative, the Defendants allege that the Bank should be required to plead a more definite statement. Motions for more definite statement are "viewed with disfavor and are rarely granted." Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels, 352 F. Supp. 2d 1218, 1221 (S.D. Ala. 2005).  Federal Rule of Procedure 12(e) governs a motion for more definite statement. Case law confirms that a motion for more definite statement under Rule 12(e) is appropriate only in a narrow category of cases, and is only applicable to a pleading "which is so vague or ambiguous that a party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Further, under Federal Rule of Civil Procedure 12(e), the complaining party must "point out the defects complained of and the detail desired." Id.  "A motion for more definite statement must be denied if the complaint attacked thereby, considered as a whole, fairly gives notice of the claim or claims asserted therein so as to permit the filing of a responsive answer." Herman v. Continental Grain Co., 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000).

The Complaint is not so vague or ambiguous so that the Defendants are unable to respond and the Defendants have not provided examples of the same, other than references to the amount of the exhibits.  A motion for more definite statement will only be granted when the pleading is so vague that the opposing party cannot respond, "even with a simple denial, in good faith or without prejudice to himself." Campbell v. Miller, 836 F. Supp. 827, 832 (M.D. Fla. 1993) (internal citations omitted).  The Complaint was specifically drafted in order to provide the Defendants with a detailed recitation of the allegations and documents upon which the Bank is seeking relief.  Further, the Defendants have not given any detailed account of the detailed desired upon any repleading of the Complaint. Given the disfavored nature of motions for more definite statement, and the high standard

regarding the same, the Defendants' motion for more definite statement should be denied, and the Defendants required to answer the Complaint within fourteen (14) days.

### III. CONCLUSION

The Bank has properly alleged a short and plain statement upon which it is entitled to relief, and has attached the appropriate exhibits upon which its claims are based. The Complaint meets the pleading standards of the Federal Rules of Civil Procedure and related federal jurisprudence. Considering the foregoing, the Court should deny the Defendants' Motion to Dismiss and order the Defendants to answer the Complaint within fourteen (14) days.

/s/ Allison C. Doucette
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number: 0731013
janthony@anthonyandpartners.com
**ALLISON C. DOUCETTE, ESQUIRE**
Florida Bar Number: 085577
adoucette@anthonyandpartners.com
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida 33602
Telephone: (813) 273-5616
Facsimile: (813) 221-4113
Attorneys for Superior Bank, N.A., n/k/a
Cadence Bank, N.A.

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 8, 2013, I electronically filed the foregoing with the Clerk of the Court by using the ECF system which will send a notice of electronic filing to the following: to:

    Ronald A. Mowrey, Esquire
    515 North Adams Street
    Tallahassee, Florida 32301

                                /s/Allison C. Doucette
                                **ATTORNEY**