**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

CADENCE BANK, N.A., as successor-in-interest
by merger to Superior Bank, N.A., as successor-in-
interest to Superior Bank, FSB, by asset acquisition
from the FDIC as receiver for Superior Bank, FSB,

      Plaintiff,

vs.                                                                                          CASE NO. 4:13-cv-304-RS-CJK

CELTAE, LLC, a Florida limited liability company, OLIVER
H. DUCIMETIERE-MONOD, individually, 101 EAST GULF BEACH
DR., LLC, an inactive Florida limited liability company, ANCHOR REALTY
AND MORTGAGE COMPANY OF ST. GEORGE ISLAND, INC., a
Florida corporation, PEREMANS, INC., a dissolved Florida corporation,
ANCHOR VACATION PROPERTIES REAL ESTATE REFERRALS f/k/a
ANCHOR VACATION PROPERTIES, INC., a Florida corporation, and
101 FRANKLIN BOULEVARD, LLC, a Florida limited liability company,
STATES RESOURCES CORP., as assignee from Wachovia Bank, N.A., an Iowa
corporation, DURDEN ENTERPRISES, LLC, a dissolved Florida limited liability
company, COASTLINE PUBLICATIONS, INC., a dissolved Florida corporation,

      Defendants.
_____/

## JOINT SCHEDULING AND DISCOVERY REPORT

**Meeting of the Parties**:

      Pursuant to Local Rule 16.1(b), a telephonic and in person meeting was held on August 20, 2013, at 1:30 p.m., and was attended by:

| **Name** | **Counsel for (if applicable)** |
|---|---|
| John A. Anthony, Esquire<br>Anthony & Partners, LLC<br>201 N. Franklin Street, Suite 2800<br>Tampa, Florida  33602 | CADENCE BANK, N.A., as successor-in-interest by merger to Superior Bank, N.A., as successor-in-interest to Superior Bank, FSB, by asset acquisition from the FDIC as receiver for Superior Bank, FSB, |
| Ronald A. Mowrey, Esquire<br>Mark Mason, Esquire<br>515 North Adams Street<br>Tallahassee, Florida 32301 | CELTAE, LLC, a Florida limited liability company, OLIVER H. DUCIMETIERE-MONOD, individually, 101 EAST GULF BEACH DR., LLC, an inactive Florida limited liability company, ANCHOR REALTY AND MORTGAGE COMPANY OF ST. GEORGE ISLAND, INC., a |

> Florida corporation, PEREMANS, INC., a dissolved Florida corporation,
> ANCHOR VACATION PROPERTIES REAL ESTATE REFERRALS f/k/a
> ANCHOR VACATION PROPERTIES, INC., a Florida corporation, and
> 101 FRANKLIN BOULEVARD, LLC, a Florida limited liability company (together, the "Defendants")

A. **Likelihood of Settlement**: The Parties are agreed that settlement prospects are encouraging.

B. **Likelihood of Appearance of Additional Parties**: Likely, only as to junior lienholders or substitute defendants.

C. **Proposed Time Limits to:**

   i. <u>Join Parties and Amend Pleadings</u>: The Parties request that any additional parties be joined by **September 30, 2013.** Additionally, the parties have agreed to file any amended pleadings within the time prescribed by the Court and/or the applicable rules, but by no later than **September 30, 2013.**

   ii. <u>File and Hear Motions</u>: For summary judgment motions and all other potentially dispositive motions, the parties have agreed to a deadline of **thirty (30) days prior to the final pretrial conference**. These motions should be heard at the final pretrial conference, if not prior. Additionally, all other motions should be filed no later than five (5) days prior to the final pretrial conference, and will be heard at the same time, if not prior.

   iii. Parties will commence all fact discovery in time for it to be completed on or before **sixty (60) days prior to the pretrial conference,** with expert discovery to be completed **sixty (60) days prior to the pretrial conference.**

D. **Proposals for the formulation and simplification of the issues**: Counsel will meet before the Final Pretrial Conference to discuss any proposals for the formulation and simplification of the issues. The Parties make no proposal at this time.

E. **Necessity of Amendments to the Pleadings**: None anticipated at this time.

F. **Possibility of obtaining admissions of facts and of documents**: After the discovery cut-off date and before the final pretrial conference, Counsel will meet to discuss stipulations to facts and/or to the authenticity of documents.

G. **Suggestions for the avoidance of unnecessary proof and cumulative evidence**: At this time, the Parties have no suggestions for the avoidance of unnecessary proof and cumulative evidence. However, the Parties will strive to litigate this case efficiently.

H. **Referring matters to a magistrate judge or master**: The Parties do not consent to submit the case to the jurisdiction of the United States Magistrate for final disposition.

I. **Preliminary estimate of time for trial**: The Parties estimate a 1.5 day, (12) hour non-jury trial.

J. **Dates for conferences before trial, a final pretrial conference, and trial**: The Parties agree that they will be ready for a final pretrial conference on or after **April 15, 2014,** trial to begin on or after **April 30, 2014.**

K. **Additional Information Helpful to the Court**:

**Discovery Plan**: The Parties intend to serve written discovery including Requests for Admission, Written Interrogatories, and Requests for Production.

(1) Oral Depositions:

The Parties intend at this time to take **up to 10** oral depositions each. Additionally, the Parties have agreed to reserve the right to seek modifications to the number of Oral Depositions, to the time limitations for Oral Depositions, or for any other relief relating to Oral Depositions, at a later time.

Number of Depositions: Pursuant to Fed. R. Civ. P. 30(a)(2)(A), absent written stipulation of the parties or leave of Court, the number of depositions being taken by each party is limited to ten. Any request by a party to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

a. Disclosure of Non-Expert Testimony: Parties stipulate that they will disclose all non-expert witnesses by **November 15, 2013.**

b. Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C) that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: Plaintiff disclosure of experts by **November 10, 2013,** with disclosure of Defendants' experts on **November 15, 2013.** Parties will conduct depositions of all experts on or before **sixty (60) days prior to final pretrial conference.** Parties agree that the deadline to conduct expert witness depositions can be extended ten (10) days by stipulation of all counsel.

3

  c. <u>Supplementation of Disclosures and Responses</u>:  Parties agree that their supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

  **Ongoing**

  d. <u>Completion of Discovery</u>:  The parties will commence all discovery in time for it to be completed on or before **sixty (60) days prior to final pretrial conference.**

  L. **Joint Discovery Plan – Other Matters**:  Parties agree on the following other matters relating to discovery (e.g., handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):
  The parties have agreed to electronic or facsimile service for discovery.  The parties agree that electronic information provided in discovery will be provided in native format.

**Additional Information Helpful to the Court:**

  M. **Final Pretrial Conference and Trial**:  Parties agree that they will be ready for a final pretrial conference on or after **fifteen (15) days prior to trial**, and for trial on or after April 30, 2013.  This Jury ____ Non-Jury __**x**__ trial is expected to take approximately **1.5 days, (12) hours.**

  N. **Pretrial Disclosures and Final Pretrial Procedures**:  Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 16.1.

  O. **Other Matters**:  The Parties agree that they will select a mediator and participate in a mediation to be concluded **no later than December 30, 2013.**

| /s/ Mark Mason | /s/ Allison C. Doucette |
|---|---|
| **RONALD A, MOWREY, ESQUIRE** | **JOHN A. ANTHONY, ESQUIRE** |
| Florida Bar No. 0122006 | Florida Bar Number: 0731013 |
| rmowrey@mowreylaw.com | janthony@anthonyandpartners.com |
| **MARK MASON , ESQUIRE** | **ALLISON C. DOUCETTE , ESQUIRE** |
| Florida Bar No. 098013 | Florida Bar Number: 0085577 |
| mmason@mowreylaw.com | adoucette@anthonyandpartners.com |
| Mowrey Law Firm, P.A. | Anthony & Partners, LLC |
| 515 North Adams Street | 201 N. Franklin Street, Suite 2800 |
| Tallahassee, Florida 32301-1111 | Tampa, Florida  33602 |
| Phone: 850/222-9482 | Phone:  813/273-5616 |
| Telecopier: 850/561-6867 | Telecopier:  813/221-4113 |
| Attorney for Defendants | Attorneys for Cadence Bank, N.A. |

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2013, I electronically filed the foregoing with the Clerk of the Court by using the ECF system which will send a notice of electronic filing to the following:

Ronald A. Mowrey, Esquire
Mark Mason, Esquire
515 North Adams Street
Tallahassee, Florida 32301

                                              /s/ Allison C. Doucette
                                              **ATTORNEY**