IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CADENCE BANK, N.A., as successor-in-interest
by merger to Superior Bank, N.A., as successor-in-
interest to Superior Bank, FSB, by asset acquisition
from the FDIC as receiver for Superior Bank, FSB,

    Plaintiff,

vs.                                         CASE NO. 4:13-cv-304-RS-CJK

CELTAE, LLC, et al.,

    Defendants.
_____/

## ORDER

Before me is the Stipulation and Joint Motion of Bank and Obligors to (A) Grant Interim Sequestration of rents, (B) Defer Consideration of Receivership Motions, and (C) Grant Related Relief (Doc. 39). Upon consideration of the record and the agreement of the parties,

**IT IS ORDERED**:

    1.    The Motion Hearing is rescheduled to October 28, 2013, at 11:00 a.m. For the purposes of this Order, the time period between entry of this Order and the October 28, 2013, hearing is referred to as the "Sequestration Term."

2.  During the Sequestration Term, the Obligors are directed to perform in accordance with the following rent sequestration, Collateral maintenance, financial reporting, and other terms and conditions:

   a.  **Budget:**  On or before the close of business on September 20, 2013, the Obligors shall furnish the Bank with a "Projected Statement of Revenues & Expenses" (the "Budget") in a form consistent with basic financial reporting practices utilized in rent sequestration and receivership contexts.  The Budget will cover rents and proceeds earned during October 2013.

   b.  **Monthly P&Ls and Sequestration Payments:**  It is expressly contemplated that there will be net rents and other cash collateral of the Bank derived from the operation of the Collateral in the ordinary course.  The Obligors are authorized and directed to furnish the Bank with a monthly profit and loss statement (the "P&L") reasonably compliant with industry standards for businesses of this nature, and for financial reporting to financial institutions, on or before September 15, 2013, and on October 15, 2013.  Accompanying the P&L will be a monthly payment of all net rents and related profits (the "Sequestration Payment").  The Bank will apply these

      Sequestration Payments to the principal amount of the Obligations in a manner consistent with the Loan Documents, and account to the Obligors for application of the same within five (5) days after receipt of the same.  The Bank shall be entitled to request and receive information and documentation reasonably required to verify the accuracy of P&Ls and confirm accuracy of the amount of the Sequestration Payments.

c.    **Authorizations:**  The Obligors are authorized to pay the reasonable and necessary expenses of the Collateral, as evidenced in any Budget that is not subject to an objection timely filed of record by the Bank within five (5) days of receipt of the same.  In the absence of objection by the Bank, the Budget shall be deemed approved by the Bank.  However, the Obligors shall make no payments outside of the ordinary course of business except upon providing express notice to the Bank of the same, and providing the Bank five (5) days to object to any given proposed payment outside of the ordinary course of business.  Additionally, the Obligors will execute no lease or other executory contract relating to the Collateral outside of the ordinary course of business without providing the

        Bank five (5) days' notice and opportunity to object to same in writing.

    d.    **Collateral Inspection:**   The Bank and its agents shall be entitled to exercise their reasonable rights of inspection of the Collateral and the books and records relating to the operation of the same, whether in possession of the Obligors or any agent of the Obligors, their members, employees, and other agents, upon ninety-six (96) hours' e-mailed notice by counsel for the Bank to counsel for the Obligors.

    2.    The Parties are directed to exercise their best efforts to resolve any dispute regarding the terms of this Order and compliance therewith, without the need to seek further judicial intervention.

    3.    Upon any proven material default by the Parties on any of the terms the preceding sequestration paragraph, following five (5) days to cure said default by word of counsel, the party may file a "Sworn Certificate of Emergency Based Upon Default in Sequestration Terms" (a "Default Notice"), that shall be given on an emergency basis if the Court finds cause.  The Default Notice shall include the names of at least two (2) individuals willing and able to serve as receiver.  If the material default is proven to the Court at a hearing, and no good cause is shown by

the defaulting party why a receiver should not be appointed, the Court will appoint a receiver for the Collateral without the establishment of any additional facts.

4. In addition to all other provisional relief granted in favor of the Bank, the relief set forth herein is without prejudice to the Bank's right to seek additional or alternative relief during the Sequestration Term, based upon a material change of circumstances not otherwise contemplated in this Order.

5. The Parties' obligations hereunder shall remain in full force and effect until further order of this Court. The Court hereby reserves jurisdiction to enforce the terms of this Order and to grant such other and further relief as is necessary.

6. By their consent to the terms and conditions memorialized in this order, it is understood, agreed, and recognized by the Parties that this order shall not have precedential effect under any doctrine, including without limitation collateral estoppel, <u>res judicata</u>, or any other precedental doctrine, with respect to facts and issues, claims and defenses, or other matters associated with the progress of this case, and shall not constitute law of the case or an admission. Moreover, this Order shall have no force or effect as upon the Competing Lienholders.

**ORDERED** on September 6, 2013.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**